MISSOURI-KANSAS-TEXAS R. CO. v. STATE.

No. 34568.  April 10, 1951.

Rehearing Denied May 1, 1951.

*230 P. 2d 727.*

Wayne R. Howell and James G. Blaine, St. Louis, Mo., and John E. M. Taylor and Dan M. Welch, Oklahoma City, for appellant.

James G. Welch, General Counsel for Corporation Commission, Oklahoma City, and J. A. Rinehart, El Reno, for appellee.

DAVISON, J. This is an appeal from an order of the Corporation Commission denying appellant railroad company's application to discontinue two passenger trains operating between Oklahoma City and Parsons, Kansas, the next terminal north of the Oklahoma border. The facts, for all practical purposes, are about the same as those in the case of Missouri-Kansas-Texas R. Co. v. State, 189 Okla. 685, 119 P. 2d 835. The only material difference is as to which trains are affected. No trains were discontinued after judgment in the cited case, because of increased traffic resulting from war conditions.

The railroad runs two trains each way per day between Oklahoma City and Parsons, Kansas:

No. 23 (Southbound) leaves Parsons at 2:30 A. M. and arrives in Oklahoma City at 7:50 A. M. while No. 28 (Northbound) leaves Oklahoma City at 11:00 P. M. and arrives in Parsons at 4:50 A. M. These are called "night trains."

No. 25 (Southbound) leaves Parsons at 11:50 A. M. and arrives in Oklahoma City at 6:10 P. M. while No. 26 (Northbound) leaves Oklahoma City at 11:30 A. M. and arrives in Parsons at 5:45 P. M. These are called "daylight trains."

The order of the Corporation Commission, from which this appeal was taken, denied the application to discontinue Nos. 23 and 28, "the night trains." Both pairs of companion trains show a considerable loss in operation. The loss for the last year on the night trains was $54,458.46—on the daylight trains was $87,948.66. The night trains are in the nature of locals making connections only for Kansas City. The daylight trains are in the nature of through trains with sleepers and make connections for Kansas City and St. Louis.

448

The application to discontinue the two companion trains was opposed by various citizens, resident of the towns through which the railroad operated these trains. The foundation of their opposition was the same inconvenience as that which would result from the reduction of transportation facilities into and out of any community. The record discloses that the major inconvenience would be to persons transacting business in Oklahoma City and who live in the towns along the route. This would be due to their having to travel both ways on "daylight trains."

We fail to see any practical difference in the relative importance of the two pairs of trains in meeting the public necessity. Every question here presented was thoroughly discussed and determined in the former case, supra. Those rules of law are here adopted as controlling.

The order of the commission, is therefore, reversed and the proceedings remanded, with directions to grant the application.

ARNOLD, C. J., and WELCH, CORN, GIBSON, HALLEY, JOHNSON, and O'-NEAL, JJ., concur.